NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

CHERYL BACON THOMAS,

        Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.

Civil Action No. 17-2534 (BRM)

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Cheryl Bacon Thomas's ("Thomas") appeal from the final decision of the Acting Commissioner of Social Security ("Defendant")[1] denying her application of Social Security Disability Insurance Benefits ("SSDI"). (ECF No. 20.) For the reasons set forth below, the matter is **REMANDED** for further proceedings.

## I.    BACKGROUND

Thomas applied for SSDI benefits in June 2013, alleging disability beginning February 21, 2013, due to major depressive disorder, severe depression, anxiety, panic attacks, agoraphobia, mood swings, angina, rapid heartbeat, high blood pressure, and inability to focus. (Tr. 41, 107, 117, 192-93, 253-56, 262-64.) Her claim was denied initially on November 7, 2013, and on reconsideration on March 24, 2014. (Tr. 137-40, 144-48.) On May 13, 2014, Thomas filed a written

---

[1] Defendant adopted the decision of the Administrative Law Judge ("ALJ") which concluded Thomas was not disabled under the relevant standards, and issued a written decision denying his application on June 1, 2016 (the "ALJ Decision"). (Tr. 38-56.)

request for an administrative hearing. (Tr. 151-52.) On November 12, 2015, a hearing was held where Thomas appeared and testified before ALJ Marguerite Toland. (Tr. 41, 59-92.) Impartial vocational expert, Louis P. Szollosy, also appeared and testified at the hearing. (Tr. 59-92.) On June 1, 2016, the ALJ concluded Thomas was not disabled because he did not have an impairment or combination of impairments that met or equaled the severity of one of the listed impairments. (Tr. 38-56.) The ALJ further found there were jobs that existed in significant numbers in the national economy that Thomas could perform. (Tr. 49.) The Appeals Council denied Tomas's request for review, rendering the ALJ's decision the Commissioner's final decision. (Tr. 1-6.) Having exhausted her administrative remedies, Thomas filed the action seeking review of the Commissioner's final decision on April 12, 2017. (ECF No. 1)

**I.    STANDARD OF REVIEW**

On a review of a final decision of the Commissioner of the Social Security Administration, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). The Commissioner's decisions regarding questions of fact are deemed conclusive on a reviewing court if supported by "substantial evidence in the record." 42 U.S.C. § 405(g); *see Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). This Court must affirm an ALJ's decision if it is supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). To determine whether an ALJ's decision is supported by substantial evidence, this Court must review the evidence in its

totality. *Daring v. Heckler*, 727 F.2d 64, 70 (3d Cir. 1984). However, this Court may not "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992) (citation omitted). Accordingly, this Court may not set an ALJ's decision aside, "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citations omitted).

## II. THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

Under the Social Security Act, the Social Security Administration is authorized to pay Social Security Insurance to "disabled" persons. 42 U.S.C. § 1382(a). A person is "disabled" if "he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A person is unable to engage in substantial gainful activity when his physical or mental impairments are "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations promulgated under the Social Security Act establish a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a); 20 C.F.R. § 416 .920(a)(1). First, the ALJ determines whether the claimant has shown that he or she is not currently engaged in "substantial gainful activity." *Id.* §§ 404.1520(b), 416.920(b); *see Bowen v. Yuckert*, 482 U.S. 137, 146-47 n.5 (1987). If a claimant is presently engaged in any form of substantial gainful activity, he or she is automatically denied disability benefits. *See* 20 C.F.R. § 404.1520(b); *see also Bowen*, 482 U.S. at 140. Second, the ALJ determines whether the claimant has demonstrated a "severe impairment" or "combination of impairments" that significantly limits his physical or

mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c); *see Bowen*, 482 U.S. at 146-47 n.5. Basic work activities are defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b). These activities include physical functions such as "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." *Id.* A claimant who does not have a severe impairment is not considered disabled. *Id.* at § 404.1520(c); *see Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999).

Third, if the impairment is found to be severe, the ALJ then determines whether the impairment meets or is equal to the impairments listed in 20 C.F.R. Pt. 404, Subpt. P., App. 1 (the "Impairment List"). 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant demonstrates that his or her impairments are equal in severity to, or meet those on the Impairment List, the claimant has satisfied his or her burden of proof and is automatically entitled to benefits. *See id.* at §§ 404.1520(d), 416.920(d); *see also Bowen*, 482 U.S. at 146-47 n.5. If the specific impairment is not listed, the ALJ will consider in his or her decision the impairment that most closely satisfies those listed for purposes of deciding whether the impairment is medically equivalent. *See* 20 C.F.R. § 404.1526(a). If there is more than one impairment, the ALJ then must consider whether the combination of impairments is equal to any listed impairment. *Id.* An impairment or combination of impairments is basically equivalent to a listed impairment if there are medical findings equal in severity to all the criteria for the one most similar. *Williams*, 970 F.2d at 1186.

If the claimant is not conclusively disabled under the criteria set forth in the Impairment List, step three is not satisfied, and the claimant must prove at step four whether he or she retains the "residual functional capacity" ("RFC") to perform his or her past relevant work. 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f); *Bowen*, 482 U.S. at 141. Step four involves three sub-steps:

> (1) the ALJ must make specific findings of fact as to the claimant's [RFC]; (2) the ALJ must make findings of the physical and mental

> demands of the claimant's past relevant work; and (3) the ALJ must compare the [RFC] to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

*Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 120 (3d Cir. 2000) (citations omitted). When determining RFC, "[a]n ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." *Hoyman v. Colvin*, 606 F. App'x 678, 679-80 (3d Cir. 2015) (quoting *Plummer*, 186 F.3d at 429). Unsupported diagnoses are not entitled to great weight. *Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991). Moreover, an administrative law judge must provide the reason for providing more or less weight to the evidence. *See Fragnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001).

The claimant is not disabled if his RFC allows him to perform his past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). However, if the claimant's RFC prevents him from doing so, an administrative law judge proceeds to the fifth and final step of the process. *Id.* The final step requires the administrative law judge to "show [that] there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and [RFC]." *Plummer*, 186 F.3d at 428. In doing so, "[t]he ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled." *Id.* (citation omitted). Notably, an administrative law judge typically seeks the assistance of a vocational expert at this final step. *Id.* (citation omitted).

The claimant bears the burden of proof for steps one, two, and four. *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000). Neither side bears the burden of proof for step three "[b]ecause step three involves a conclusive presumption based on the listings." *Id.* at 263 n.2 (citing *Bowen*, 482

U.S. at 146-47 n.5). An administrative law judge bears the burden of proof for the fifth step. *See id.* at 263.

## II. Thomas's Appeal of the Commissioner's Adoption of the ALJ Decision

Thomas challenges the ALJ Decision on several grounds. First, she argues the ALJ erred in reviewing the "[l]isting-[l]evel [s]everity" at step three. (ECF No. 20 at 13-17.) Second, Thomas argues the ALJ erred in "[i]mproperly [r]ejective, [d]iscrediting or [i]gnoring [her] [s]ubjective [c]omplaints." (*Id.* at 17-20.) Third, she argues the ALJ erred at step four by concluding she has the residual capacity to perform a full range of light work. (*Id.* at 20-23.) Lastly, Thomas argues the ALJ also erred "[f]ailing to [p]roffer a [c]omplete [h]ypothetical [q]uestion to the VE or to [o]therwise [m]eet her [b]urden at Step 5." (*Id.* at 23-27.)

### A. Thomas's Challenge to the ALJ's Step Three Determination

Thomas argues the ALJ "erred in failing to review all medical evidence of [her] individual and combined impairments in reviewing listing level severity including Listings 12.04 and 12.06." (*Id.* at 13.) Specifically, she argues the ALJ failed to evaluate

> the meeting or equaling of the individual and combined impairments including Listing 12.06 not only for anxiety, but for agoraphobia, memory impairments, poor concentration, persistence or pace, and other symptoms including sinus tachycardia exacerbated by stress and anxiety, chest pains, tremors, fatigue, light headedness, headaches, low energy, anhedonia, suicidal thoughts, restlessness, sweaty and clammy skin, rapid breathing, nausea, hypervigilance, panic attacks, excessive talking, being fidgety and east distractibility.

(*Id.* at 14.) She further argues the ALJ failed to consider or explain why she discounted Therapist, Jacqueline Oshiver, Dr. Gupta, and Dr. Negron's opinions. (*Id.* at 15.)

During step three, the ALJ compares the medical evidence of a claimant's impairments with the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("listed impairments" or

6

"listings"), which are presumed severe enough to preclude any gainful work. *See Holley v. Colvin*, 975 F. Supp. 2d 467, 476 (D.N.J. 2013), *aff'd*, 590 F. App'x 167 (3d Cir. 2014). The listings articulated in 20 C.F.R. Pt. 404, Subpt. P., App. 1, are descriptions of various physical and mental illnesses and abnormalities, categorized by the body system they affect. *Sullivan v. Zebley*, 493 U.S. 521, 529-30 (1990). All impairments are defined "in terms of several specific medical signs, symptoms, or laboratory test results." *Id.* at 530. "If a claimant's impairment meets or equals one of the listed impairments, he will be found disabled. . . . If the claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to step four." *Holley*, 975 F. Supp. 2d at 476. To be found disabled, however, the claimant "must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Sullivan*, 493 U.S. at 531.

"For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id.*; *see* Social Security Ruling (SSR) 83—19, Dep't of Health & Human Servs. Rulings 90 (Jan. 1983) ("An impairment meets a listed condition . . . only when it manifests the specific findings described in the set of medical criteria for that listed impairment."); 20 C.F.R. § 416.926(a) (1989) (noting that a claimant's impairment is "equivalent" to a listed impairment "if the medical findings are at least equal in severity and duration to the criteria of any listed impairment"). "A claimant cannot qualify for benefits under the 'equivalence' step by showing that the overall functional impact of his unlisted impairment or combination of impairments is as severe as that of a listed impairment." *Sullivan*, 493 U.S. at 531–32 (citing SSR 83–19, at 91–92 ("[I]t is incorrect to consider whether the listing is equaled on the basis of an assessment of *overall* functional impairment. . . . The functional consequences of the impairments . . . irrespective of their nature or extent, *cannot* justify a determination of equivalence" [sic].)).

7

To conclude an applicant is not disabled under step three, the ALJ must "set forth the reasons for [her] decision" for her step-three analysis. *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119 (3d Cir. 2000). Conclusory statements have been found to be "beyond meaningful judicial review." *Cotter v. Harris*, 642 F.2d 700, 704-05 (3d Cir. 1981). In *Burnett*, the Third Circuit remanded the matter because the ALJ made only conclusory statements without mentioning any specific listed impairments or explaining his reasoning. *Burnett*, 220 F.3d at 119-20 (finding "although [the plaintiff] has established that she suffered from a severe musculoskeletal [impairment], said impairment failed to equal the level of severity of any disabling condition contained in Appendix 1, Subpart of Social Security Regulations No. 4"). In *Torres v. Comm'r of Soc. Sec.*, 279 F. App'x 149, 152 (3d Cir. 2008), the court found "the ALJ failed at step three by failing to consider [the plaintiff's] impairments in combination when determining medical equivalence." Further, the "ALJ failed to combine [the plaintiff's] many medical impairments and compare them to analogous Appendix 1 listings." *Id.* The ALJ's entire analysis consisted of one cursory paragraph stating:

> Regarding steps two and three, the evidence establishes the existence of a "severe" impairment involving left-eye blindness, diabetes, hepatitis C and cirrhosis, degenerative disc disease of the lumbar spine, bronchitis, and depression, but does not disclose any medical findings which meet or equal in severity the clinical criteria of any impairment listed in Appendix 1, Subpart P to Regulations No. 4.

*Id.*

As the Third Circuit has explained, the ALJ is not required to "use particular language or adhere to a particular format in conducting his analysis . . . [but must] ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." *Jones*, 364 F.3d at 505. The ALJ satisfies this standard by "clearly evaluating the available medical evidence

8

in the record and then setting forth that evaluation in an opinion, even where the ALJ did not identify or analyze the most relevant Listing." *Scatorchia v. Comm'r of Soc. Sec.*, 137 F. App'x 468, 470–71 (3d Cir. 2005).

Listings 12.04 and 12.06 provide multiple ways to demonstrate the existence of a severe mental impairment based on satisfying certain criteria. Both listings have "A Criteria," "B Criteria," and "C Criteria." For impairments under 12.04 (affective disorders), the severity requirements are met if "*both* A *and* B are satisfied, *or* when the requirements in C are satisfied." 20 C.F.R. Part 404, Subpart P, Appendix 1 (emphasis added). Listing 12.06 is slightly different; the severity requirements under listing 12.06 are met "when the requirements in *both* A *and* B are satisfied, *or* when the requirements in *both* A *and* C are satisfied." *Id.* (emphasis added).

The "B Criteria" for listings 12.04 and 12.06 are the same, and require a showing that the applicant have "at least two of the following: (1) marked restriction of activities of daily living; or (2) marked difficulties in maintaining social functioning; or (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration." *Id.* Criteria C would require Thomas to demonstrate a disorder "resulting in complete inability to function independently outside the area of one's home." 20 C.F.R. Part 404, Subpart P, Appendix 1, para. 12.06(c).

Here, while the ALJ devoted approximately a page and a half of her decision to her step-three analysis and finding that Thomas had a "moderate restriction," she failed to specify which impairments individually or in combination she considered and compared to the 12.04 and 12.06 listings. She made merely a conclusory statement stating, "The severity of the claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of

9

listing s 132.04 and 12.06." (Tr. 44.) Nowhere did the ALJ specify which impairments she considered individually or in combination when looking at the criteria of listings 12.04 and 12.06.

Moreover, the ALJ failed to articulate whether she considered Therapist Jacqueline Oshiver, Dr. Gupta, and Dr. Negron's opinions, and if she did consider them, she failed to explain why she discounted them. Both listings, 12.04 and 12.06, require decompensation for an extended duration, and as for episodes of decompensation, the ALJ simply concluded Thomas had experienced no such episodes for a duration of time. (Tr. 45.) However, Therapist Oshiver and Dr. Negron found Thomas met the "B" criteria for repeated episodes of decompensation. (Tr. 358-65, 1286-90.)

Because the ALJ has failed to articulate the above specifics, the Court has no way of conducting a "meaningful review" of her decision at step-three. *Jones*, 364 F.3d at 505. The ALJ must "clearly evaluat[e] the available medical evidence in the record and then set[] forth that evaluation in an opinion." *Scatorchia*, 137 F. App'x at 470–71. Accordingly, the Commissioner's final decision is **VACATED** and the case is **REMANDED** to the ALJ for a discussion of the which impairments she considered in her analysis and for a discussion of the therapist and doctor's opinions.

### B. Thomas's Challenge to the ALJ's Step Four and Five Determination

Having decided to remand the case at step three, the Court has no obligation to reach Thomas's other arguments at steps four and five. *Vivaritas v. Comm'r of Soc. Sec.*, 264 F. App'x 155, 156–57 (3d Cir. 2008) ("Inasmuch as further development of the record and the ALJ's decision based on that record may make consideration of steps four and five of the five-step sequential evaluation procedure unnecessary, we do not reach [the plaintiff's] other challenges to the ALJ's decision.").

## III. CONCLUSION

For the reasons set forth above, the matter is **REMANDED** for further proceedings consistent with this opinion.

**Date:** February 28, 2019

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**